UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/02/18

CENGAGE LEARNING, INC.; ELSEVIER, INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; and PEARSON EDUCATION, INC.,

   Plaintiffs,

v.

DOE 1 D/B/A BARGAINSOFMAINE; DOE 2 D/B/A LACA_888, GOMEDIA, GOMEDIA8, and BOOKSMEDIA; DOE 3 D/B/A PEPPERACK; DOE 4 D/B/A MYFRIENDANDME02 and SATHIEL1492; DOE 5 D/B/A USAOKDEALS; DOE 6 D/B/A VINTAGEFREAKIE; DOE 7 D/B/A WAREHOUSE-DEALZ; and DOE 8 D/B/A WHOLSALENICK,

   Defendants.

Civil Action No. 1:18-cv-00403-RJS

## STIPULATED PRELIMINARY INJUNCTION AS TO
## DOE 2 D/B/A LACA_888, GOMEDIA, GOMEDIA8, AND BOOKSMEDIA

Plaintiffs Pearson Education, Inc., Elsevier, Inc., McGraw-Hill Global Education Holdings, LLC, and Cengage Learning, Inc. (collectively, "Plaintiffs") and putative Defendants Karen Karapetyan and Elvira Hohannisyan ("Defendants"), identified in the Complaint as Doe 2 d/b/a laca_888, GOMEDIA, GOMEDIA8, and booksmedia on the eBay.com, Abebooks.com, Biblio.com, and Alibris.com marketplaces, respectively (the "Online Storefronts"), by and through undersigned counsel, hereby stipulate and agree to entry of this Preliminary Injunction (the "Injunction").

  1. This Injunction replaces and supercedes the Temporary Restraining Order issued on January 17, 2018 at ECF No. 3 ("TRO").

  2. Pursuant to Federal Rule of Civil Procedure 65, the Copyright Act (17 U.S.C. §

502(a)), the Lanham Act (15 U.S.C. § 1116), and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Injunction, are enjoined from:

    a)    Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of the Plaintiffs ("Plaintiffs' Works"), i.e., any copyrighted work published under any of the imprints identified on **Appendix A** hereto (the "Imprints");

    b)    Directly or indirectly infringing any trademark that is owned or exclusively controlled by any of the Plaintiffs, including the trademarks associated with the Imprints in Appendix A ("Plaintiffs' Marks");

    c)    Directly or indirectly manufacturing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling counterfeit copies of Plaintiffs' Works; and

    d)    Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to directly or indirectly infringe Plaintiffs' Works, Plaintiffs' Marks, and/or manufacture, import, distribute, offer for sale, and/or sell counterfeit counterfeit copies of Plaintiffs' Works.

3.    Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Injunction, must immediately locate all accounts holding or receiving money or other assets owned, connected to, associated with, or utilized or held by any of Defendants' Storefronts ("Defendants' Accounts") and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts, cease allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of pending further order of this Court. For purposes of this Injunction, Defendants' Accounts include but are not limited to: (a) Defendants' accounts with online marketplace providers; and (b) Defendants' accounts with banks, financial institutions, and credit card or other payment processing companies that have received money or other assets from Defendants' Accounts or otherwise received sales proceeds

from Defendants' Storefronts.

4. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them with actual notice of this Injunction, are enjoined from distributing, transferring, selling, or listing for sale Plaintiffs' Works pending an inspection by Plaintiffs as described below (the "Inspection").

5. To facilitate the prompt inspection of Defendants' inventory of Plaintiffs' Works, Defendants shall provide to Plaintiffs a list of all physical copies of Plaintiffs' Works (the "Books") held by Defendants or any third party on Defendants' behalf ("Inventory"). Plaintiffs shall identify to Defendants all of Plaintiffs' Books in the Inventory that Plaintiffs intend to inspect (the "Inspection Notice"). Within fourteen (14) days of receiving an Inspection Notice, Defendants shall cause Plaintiffs' Books identified on the Inspection Notice to be shipped to Plaintiffs' counsel for purposes of conducting the Inspection.

6. Plaintiffs shall conduct the Inspection promptly and provide the results thereof to Defendants (the "Determination Notice") within fourteen (14) days of receving the Books. Plaintiffs shall return to Defendants any Books on the Determination Notice that are not identified as counterfeit ("Unrestrained Textbooks"). Plaintiffs' Books that 1) are identified on the Determination Notice as Unrestrained Textbooks, or 2) are not identified on the Inspection Notice, shall be exempt from paragraph 4 of this Injunction. However, Plaintiffs' decision not to identify one or more of Plaintiffs' Works on the Inspection Notice does not constitute a waiver or limitation of any rights, claims, or remedies that may be applicable, or any kind of admission or finding of fact or law that any such corresponding Books are authentic.

7. Plaintiffs' counsel shall hold and preserve as evidence any Books determined by Plaintiffs to be counterfeit ("Counterfeit Textbooks") as identified in the Determination Notice. If

requested by Defendants, Plaintiffs shall make the Counterfeit Textbooks available to Defendants for inspection at a time mutually convenient to Plaintiffs and Defendants.

8. This Injunction shall remain in effect until further order of the Court.

9. Plaintiffs and Defendant agree to extend the deadline for Defendant to move, answer, or otherwise respond to the Complaint from March 6, 2018 to March 30, 2018.

STIPULATED AND AGREED TO BY:

Karen Karapetyan

[INSERT HERE]

*Karen Karapetyan and Elvira Hohannisyan 2 d/b/a laca_888, GOMEDIA, GOMEDIA8, and BOOKSMEDIA*

Date: 03/02/2018

Matthew J. Oppenheim
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Ave. NW STE 503
Washington, DC 20015
(202) 450-3958
matt@oandzlaw.com
kerry@oandzlaw.com

*Counsel for Plaintiffs*

Date: 3/2/2018

SO ORDERED this 2nd day of March, 2018.

RICHARD J. SULLIVAN
United States District Judge

## APPENDIX A: PLAINTIFFS' IMPRINTS

| CENGAGE LEARNING, INC.: | MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC |
|---|---|
| Brooks Cole<br>Cengage<br>Cengage Learning<br>Course Technology<br>Delmar<br>Gale<br>Heinle<br>Milady<br>National Geographic Learning<br>South-Western Educational Publishing<br>Wadsworth | Irwin<br>Lange<br>McGraw-Hill<br>McGraw-Hill Education<br>McGraw-Hill Higher Education<br>McGraw-Hill Professional<br>McGraw-Hill Ryerson<br>McGraw-Hill/Appleton & Lange<br>McGraw-Hill/Contemporary<br>McGraw-Hill/Dushkin<br>McGraw-Hill/Irwin<br>NTC/Contemporary<br>Osborne<br>Schaum's |
| **PEARSON EDUCATION, INC.:** | **ELSEVIER, INC.** |
| Addison Wesley;<br>Adobe Press;<br>Allyn & Bacon;<br>Benjamin Cummings;<br>Brady;<br>Cisco Press;<br>Financial Times Press/FT Press;<br>IBM Press;<br>Longman;<br>New Riders Press;<br>Peachpit Press;<br>Pearson;<br>Pearson Education;<br>Prentice Hall;<br>Que Publishing; and<br>Sams Publishing | Academic Cell   Made Simple Books<br>Academic Press   Medicine Publishing<br>Amirsys   Morgan Kaufmann<br>Butterworth   Publishers<br> Heinemann   Mosby<br>Churchill Livingstone   Newnes<br>Digital Press   North Holland<br>Elsevier   Saunders<br>Gulf Professional   Urban & Fischer<br> Publishing   William Andrew<br>Hanley & Belfus   Woodhead Publishing<br>Knovel |